IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HOLLIE RAY BOUTIQUE, LLC,[1] | ) | Case No. 3:24-BK-00707 |
| | ) | |
| Debtor. | ) | Chapter 11, Subchapter V |
| | ) | Judge Randal S. Mashburn |

**MOTION FOR ENTRY OF AGREED ORDER REJECTING PREPETITION LEASE OF NON-RESIDENTIAL REAL PROPERTY WITH COOLSPRINGS MALL, LLC AND FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR POST-PETITION USE AND POSSESSION OF THE REAL PROPERTY PREMISES**

Hollie Ray Boutique, LLC (the "Debtor") files this motion (the "Motion"), pursuant to 11 U.S.C. §§ 365, 503(b), and 554 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 & 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an *Agreed Order Rejecting the Prepetition Lease of Non-Residential Real Property and Allowance of Administrative Expenses Claim* between CoolSprings Mall, LLC ("CoolSprings" or "Landlord") and Hollie Ray Boutique, LLC ("Debtor") for its leased location at CoolSprings Galleria, 1800 Galleria Blvd., #2070, Franklin, TN (the "Premises"). In support of its Motion, the Debtor states as follows:

## I. BACKGROUND AND RELIEF REQUESTED

1. On March 1, 2024, the Debtor commenced its case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is managing its affairs as Debtor-in-Possession. No examiner or official unsecured creditors' committee trustee has been appointed. Timothy Stone has been appointed as the Subchapter V Trustee. [Dkt. No. 5].

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. The subject matter of this motion is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Prior to and as of the Petition Date, the Debtor and CoolSprings entered into that certain *Lease Agreement* dated July 2, 2020 (the "Lease") through which CoolSprings leased the real property Premises to the Debtor in exchange for monthly rental payments through October 31, 2025.

5. Debtor now seeks authority to reject the prepetition Lease and allow an administrative expense claim to CoolSprings for Debtor's post-petition use and occupancy of the Premises.

## II. LAW AND ARGUMENT

6. Section 365 of the Bankruptcy Code permits a debtor in possession or a trustee to assume or reject an executory contract or unexpired lease subject to the Bankruptcy Court's approval. Specifically, Section 365(a) provides, in relevant part: "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

7. The Debtor has determined, in its exercise of its business judgment, that rejection of the Lease is in the best interest of the Debtor, the Debtor's estate, and all creditors and parties in interest.

8. The Debtor has determined that its lease rate with CoolSprings is not viable to sustain and the Debtor has suspended its operations effective March 31, 2024. Debtor operated in the Premises on or through March 31, 2024 – at which time it turned the Premises over to CoolSprings.

9. The Debtor's exercise of business judgment is reasonable under the circumstances. Accordingly, the Debtor submits that the Court should authorize and approve the Debtor's decision to reject the prepetition Lease with CoolSprings.

10. Debtor also seeks authority to abandon any personal property remaining at the Premises. Section 554 of the Bankruptcy Code permits a debtor, after notice and a hearing, to

"abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Debtor has determined, in its sound business judgment, that any personal property remaining at the Premises as of the date of rejection is of inconsequential value to the Debtor's estate or of a value less than the cost of removing such property. Therefore, the Debtor requests authority to abandon any personal property remaining in the Premises as of the date the Lease is rejected.

11. Finally, CoolSprings is entitled to an administrative expense claim pursuant to 11 U.S.C. § 365(d)(3) and/or 11 U.S.C. § 503(b)(1) for the Debtor's post-petition use and occupancy of the Premises pursuant to the unexpired Lease.

12. CoolSprings and Debtor agree that the amount of rent/charges due from the Petition Date, March 1, 2024 through March 31, 2024 (the "<u>Post-Petition Period</u>") is equal to $7,074.72.

### III. <u>CONCLUSION</u>

**WHEREFORE**, Debtor respectfully requests entry of the Agreed Order, substantially similar in form to the one submitted herewith, that (i) rejects the Lease between the Debtor and CoolSprings effective March 31, 2024 at 11:59 PM CST, (ii) abandons any personal property of the Debtor's remaining in the Premises post-rejection, (iii) allows a Chapter 11 administrative claim in the total amount of $7,074.72 to CoolSprings, and (iv) grants the Debtor such other and further relief as the Court deems just and proper.

Dated: April 3, 2024　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/Keith D Slocum_____
　　　　　　　　　　　　　　　　　　　　　　Keith D Slocum PBR. 023024
　　　　　　　　　　　　　　　　　　　　　　Slocum Law
　　　　　　　　　　　　　　　　　　　　　　370 Mallory Station Road Suite 504
　　　　　　　　　　　　　　　　　　　　　　Franklin, TN 37067
　　　　　　　　　　　　　　　　　　　　　　Email: notice@keithslocum.com
　　　　　　　　　　　　　　　　　　　　　　*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

　　　　On April 2, 2024, the foregoing was served via CM/ECF on all parties consenting to electronic service in this case, and by regular mail, email, or fax (as applicable) to (i) Debtors' twenty largest creditors, (ii) CoolSprings Mall, LLC (iii) the Office of the United States Trustee, and (iv) the SubChapter V Trustee.

　　　　　　　　　　　　　　　　　　　　　　/s/Keith D Slocum_____
　　　　　　　　　　　　　　　　　　　　　　Keith D Slocum PBR. 023024