**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HOLLIE RAY BOUTIQUE, LLC,[1] | ) | Case No. 3:24-BK-00707 |
| | ) | |
| Debtor. | ) | Chapter 11, Subchapter V |
| | ) | Judge Randal S. Mashburn |

> **THE DEADLINE FOR FILING A TIMELY RESPONSE IS: April 29, 2024**
>
> **IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE HELD ON May 7, 2024, AT 9:30 a.m. in Courtroom 1, 701 Broadway, Nashville, TN 37203**
> (Virtual Hearing if allowed; See website for details)

## NOTICE OF MOTION FOR ENTRY OF AGREED ORDER REJECTING PREPETITION LEASE OF NON-RESIDENTIAL REAL PROPERTY WITH COOLSPRINGS MALL, LLC AND FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR POST-PETITION USE AND POSSESSION OF THE REAL PROPERTY PREMISES

Hollie Ray Boutique, LLC (the "Debtor") has asked the court for the following relief:

Rejection of the unexpired real property lease between CoolSprings Mall, LLC ("CoolSprings" or "Landlord") and Debtor for its leased location at CoolSprings Galleria, 1800 Galleria Blvd., #2070, Franklin, TN (the "Premises"). Abandonment of any personal property of Debtor remaining therein. Allowance of a Chapter 11 Administrative Claim in the amount of $7,074.72 for post-petition use and possession of the Premises.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1. File with the court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <HTTPS://ECF.TNMB.USCOURTS.GOV>.**

   If you need assistance with Electronic Filing you may call the Clerk's Intake Department at (615)736-5584.

1

2.  **Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.**

3.  You must serve your response or objection **by electronic service through** the Electronic Filing system described above.

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by viewing the case on the court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated: April 8, 2024

Respectfully submitted,

*/s/Keith D Slocum*_____
Keith D Slocum PBR. 023024
Slocum Law
370 Mallory Station Road Suite 504
Franklin, TN 37067
Email: notice@keithslocum.com
*Counsel for the Debtor*

### CERTIFICATE OF SERVICE

On April 8, 2024, the foregoing was served via CM/ECF on all parties consenting to electronic service in this case, and by regular mail, email, or fax (as applicable) to (i) Debtors' twenty largest creditors, (ii) CoolSprings Mall, LLC (iii) the Office of the United States Trustee, and (iv) the SubChapter V Trustee.

*/s/Keith D Slocum*_____
Keith D Slocum PBR. 023024

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HOLLIE RAY BOUTIQUE, LLC,[1] | ) | Case No. 3:24-BK-00707 |
| | ) | |
| Debtor. | ) | Chapter 11, Subchapter V |
| | ) | Judge Randal S. Mashburn |

## MOTION FOR ENTRY OF AGREED ORDER REJECTING PREPETITION LEASE OF NON-RESIDENTIAL REAL PROPERTY WITH COOLSPRINGS MALL, LLC AND FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR POST-PETITION USE AND POSSESSION OF THE REAL PROPERTY PREMISES

Hollie Ray Boutique, LLC (the "Debtor") files this motion (the "Motion"), pursuant to 11 U.S.C. §§ 365, 503(b), and 554 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 & 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an *Agreed Order Rejecting the Prepetition Lease of Non-Residential Real Property and Allowance of Administrative Expenses Claim* between CoolSprings Mall, LLC ("CoolSprings" or "Landlord") and Hollie Ray Boutique, LLC ("Debtor") for its leased location at CoolSprings Galleria, 1800 Galleria Blvd., #2070, Franklin, TN (the "Premises"). In support of its Motion, the Debtor states as follows:

### I.     BACKGROUND AND RELIEF REQUESTED

1.     On March 1, 2024, the Debtor commenced its case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.     The Debtor is managing its affairs as Debtor-in-Possession. No examiner or official unsecured creditors' committee trustee has been appointed. Timothy Stone has been appointed as the Subchapter V Trustee. [Dkt. No. 5].

3.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. The subject

matter of this motion is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Prior to and as of the Petition Date, the Debtor and CoolSprings entered into that certain *Lease Agreement* dated July 2, 2020 (the "<u>Lease</u>") through which CoolSprings leased the real property Premises to the Debtor in exchange for monthly rental payments through July 2, 2025.

5. Debtor now seeks authority to reject the prepetition Lease and allow an administrative expense claim to CoolSprings for Debtor's post-petition use and occupancy of the Premises.

## II.     LAW AND ARGUMENT

6. Section 365 of the Bankruptcy Code permits a debtor in possession or a trustee to assume or reject an executory contract or unexpired lease subject to the Bankruptcy Court's approval. Specifically, Section 365(a) provides, in relevant part: "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

7. The Debtor has determined, in its exercise of its business judgment, that rejection of the Lease is in the best interest of the Debtor, the Debtor's estate, and all creditors and parties in interest.

8. The Debtor has determined that its lease rate with CoolSprings is not viable to sustain and the Debtor has suspended its operations effective March 31, 2024. Debtor operated in the Premises on or through March 31, 2024 – at which time it turned the Premises over to CoolSprings.

9. The Debtor's exercise of business judgment is reasonable under the circumstances. Accordingly, the Debtor submits that the Court should authorize and approve the Debtor's decision to reject the prepetition Lease with CoolSprings.

10. Debtor also seeks authority to abandon any personal property of Debtor remaining at the Premises. Section 554 of the Bankruptcy Code permits a debtor, after notice and a hearing,

to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Debtor has determined, in its sound business judgment, that any personal property remaining at the Premises as of the date of rejection is of inconsequential value to the Debtor's estate or of a value less than the cost of removing such property. Therefore, the Debtor requests authority to abandon any personal property remaining in the Premises as of the date the Lease is rejected.

11. Finally, CoolSprings is entitled to an administrative expense claim pursuant to 11 U.S.C. § 365(d)(3) and/or 11 U.S.C. § 503(b)(1) for the Debtor's post-petition use and occupancy of the Premises pursuant to the unexpired Lease.

12. CoolSprings and Debtor agree that the amount of rent/charges due from the Petition Date, March 1, 2024 through March 31, 2024 (the "Post-Petition Period") is equal to $7,074.72.

### III. CONCLUSION

**WHEREFORE**, Debtor respectfully requests entry of the Agreed Order, substantially similar in form to the one submitted herewith, that (i) rejects the Lease between the Debtor and CoolSprings effective March 31, 2024 at 11:59 PM CST, (ii) abandons any personal property of the Debtor's remaining in the Premises post-rejection, (iii) allows a Chapter 11 administrative claim in the total amount of $7,074.72 to CoolSprings, and (iv) grants the Debtor such other and further relief as the Court deems just and proper.

Dated: April 8, 2024                                        Respectfully Submitted,

/s/Keith D Slocum_____
Keith D Slocum PBR. 023024
Slocum Law
370 Mallory Station Road Suite 504
Franklin, TN 37067
Email: notice@keithslocum.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

On April 8, 2024, the foregoing was served via CM/ECF on all parties consenting to electronic service in this case, and by regular mail, email, or fax (as applicable) to (i) Debtors' twenty largest creditors, (ii) CoolSprings Mall, LLC (iii) the Office of the United States Trustee, and (iv) the SubChapter V Trustee.

/s/Keith D Slocum_____
Keith D Slocum PBR. 023024

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HOLLIE RAY BOUTIQUE, LLC, | ) | Case No. 3:24-BK-00707 |
| | ) | |
| Debtor. | ) | Chapter 11, Subchapter V |
| | ) | Judge Randal S. Mashburn |

**AGREED ORDER REJECTING UNEXPIRED
LEASE OF NONRESIDENTIAL REAL PROPERTY WITH COOLSPRINGS
MALL, LLC AND ALLOWING AN ADMINSTRATIVE EXPENSES CLAIM**

Upon the *Motion for Entry of Agreed Order Rejection Pre-Petition Lease of Nonresidential Real Property with CoolSprings Mall, LLC and Allowance of Administrative Claim for Post-Petition Use and Possession of the Real Property Premises* (the "Motion") filed on April 8, 2024, Dock, No. ____. No objections being timely filed; and this Court having subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this being a core proceeding under 28 U.S.C. § 157(b); and venue before this Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of all parties-in-interest; and the Debtor having provided adequate and appropriate notice of this Motion under the circumstances; and based upon the representations of the moving parties set forth in the Motion, and after due deliberation and sufficient cause appearing therefor, it is hereby:

## ORDERED, DETERMINED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. The rejection of the unexpired lease of non-residential real property pursuant to section 365(a) of the Bankruptcy Code described below shall be effective as of March 31, 2024 (the "Rejection Date"):

| *Landlord* | *Leased Premises* | *Location* | *Lease Expiration* |
|---|---|---|---|
| CoolSprings Mall, LLC | CoolSprings Galleria | Franklin, TN | 10/31/2025 |

3. The Debtor shall surrender and vacate the Leased Premises on or prior to March 31, 2024.

4. Any personal property, furniture, trade fixtures, and equipment owned by the Debtor (the "Remaining Property") remaining on the Leased Premises is deemed abandoned by the Debtor pursuant to section 554(a) of the Bankruptcy Code as of the Rejection Date and the Landlord may dispose of any Remaining Property, in their sole discretion, without further notice of any liability to Debtor.

5. CoolSprings Mall, LLC is allowed a chapter 11 administrative claim in the total amount of $7,074.72 for Debtor's post-petition use and occupation of the Leased Premises pursuant to 11 U.S.C. § 365(d)(3) and 11 U.S.C. § 503(b)(1).

**IT IS SO ORDERED** this _____ day of _____, 2024.

AGREED AND SUBMITTED FOR ENTRY:

*/s/ Keith D Slocum*
Keith David Slocum BPR. 023024
Slocum Law
370 Mallory Station Road Suite 504
Franklin, TN 37067
Email: notice@keithslocum.com

AND

Caleb T. Holzaepfel
Bar No. 33356
Husch Blackwell LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Email: caleb.holzaepfel@huschblackwell.com